93 N.J. Super. 232 (1966)
225 A.2d 594
MUNOZ REALTY CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF VERONA, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 13, 1966.
Decided February 10, 1966.
*233 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Emil E. Mascia argued the cause for appellant (Messrs. Sarcone & Mascia, attorneys; Mr. Peter C. Benz, on the brief).
Mr. Newton H. Porter, Jr. argued the cause for respondent (Messrs. Porter & Hobart, attorneys).
PER CURIAM.
The Law Division adjudged that the provisions of the "1963 zoning ordinance of the defendant Borough insofar as they relate to the plaintiff's lands * * * constitute an arbitrary and unreasonable exercise of the zoning power"; they (plus the 1961 ordinance which said provisions re-enacted) were therefore invalid; consequently "the provisions *234 of the 1957 zoning ordinance * * * insofar as they relate to the plaintiff's lands * * * be and they hereby are restored." The Borough of Verona appeals.
We have studied the record carefully and, as did the trial judge, we visited the property and the surrounding area, accompanied by both counsel, for the sole purpose of better understanding the evidence. Based thereon, we have come to the conclusion that plaintiff did not sustain its burden of proving the ordinance arbitrary and unreasonable.
Basic to the trial judge's decision was this finding, made in the trial judge's comprehensive opinion under the heading "Suitability of Land":
"At the trial before me plaintiff adduced credible testimony to the effect that the most appropriate use of the Mountain Ridge District is for low density garden apartments, that otherwise the land is likely to go undeveloped since it is entirely rockbound, that it cannot be used for one-family residences, and that, in any event, such residential development is unlikely since it is costly and the mass of apartments partially surrounding the area would deter property owners from developing one-family residences. To the extent that defendant's witnesses contradicted plaintiff's witnesses on this issue or otherwise testified that these lands could be used for one-family residences that testimony is discredited. This discrediting is predicated, inter alia, on my observation of defendant's witnesses and their demeanor."
We find that the evidence does not support the finding that the land "cannot be used for one-family residences," or "is likely to go undeveloped" or that the apartments are so near to plaintiff's land or so situate that they make the land unsalable for one-family residences. It is doubtless true that plaintiff's land is rocky and that the cost of digging a cellar in it would be greater than in average soil. However, no figures were given of the actual comparative costs, or the economically permissible relation of such costs to the value of the land if sold for residential use. It is possible to sell residential plots for a price fair to the seller even when the soil presents problems such as rock or water. There was no proof that these lots could not be so sold. Beyond this, there was no proof that homes could not be built without cellars on this *235 land and sold at a fair profit. Cf. Guaclides v. Borough of Englewood Cliffs, 11 N.J. Super. 405 (App. Div. 1951).
We have examined the other reasons given by the trial judge for his decision, but we find the record does not justify them.
The judgment is reversed.